UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW C. DAVIS,

      Petitioner,

v.                                          Case No.  8:10-cv-1376-T-17TBM

SECRETARY, DEPARTMENT OF CORRECTIONS,

      Respondent.

_____

## ORDER

Before this Court is a timely-filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Andrew C. Davis, a Florida prisoner. The petition attacks Davis's conviction for Sexual Battery rendered in the Sixth Judicial Circuit in Pinellas County, Florida, in state circuit case number CRC06-24171CFANO. A review of the record demonstrates that, for the following reasons, the petition must be **denied.**

### PROCEDURAL HISTORY

On April 20, 2007, Davis was charged by Information with one count of Sexual Battery. (Exhibit 1). The case proceeded to jury trial before the Honorable Joseph A. Bulone, Circuit Judge. Davis was represented by retained counsel, Harvey G. Hesse, III. The jury found Davis guilty as charged. (Exhibit 2). On August 10, 2007, the court sentenced Davis to 196.68 months in prison. (Exhibit 3). The sentence was a result of a bargain with the State with the condition that Davis would waive his right to appeal in exchange for a sentence at the bottom of the guidelines. (Exhibit 4: Sentencing hearing transcript).

**Petition for Belated Appeal**

On October 25, 2007, Davis filed in the appellate court a "Petition Seeking a Belated Appeal Pursuant to Fla. R. App. P. 9.141(C)." (Exhibit 5). The State filed a response in opposition (Exhibit 6), and Davis filed a reply to the State's response.(Exhibit 7). The Second District Court of Appeal, in Case No. 2D07-5057, referred the case to the circuit court for appointment of a commissioner to take testimony and file a report. (Exhibit 8). On January 25, 2008, a hearing was held before the appointed commissioner, Honorable Joseph A. Bulone, Circuit Judge. (Exhibit 9). After the hearing concluded, the judge filed a written report recommending that the petition for belated appeal be denied. (Exhibit 10). Davis filed objections to the findings and recommendation. (Exhibit 11). On March 4, 2008, the appellate court filed an order denying the petition for belated appeal without discussion. (Exhibit 12). *Davis v. State*, 978 So. 2d 165 (Fla. 2d DCA 2008)(table). Davis filed a motion for rehearing (Exhibit 13), which was denied by the appellate court on April 4, 2008. (Exhibit 14).

**Rule 3.850 Motion for Postconviction Relief**

On April 10, 2008, Davis filed a pro se motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure raising five grounds for relief. (Exhibit 15). On June 23, 2008, Davis filed an amended motion with three additional claims (Exhibit 16), and on June 16, 2008, filed a second amended motion raising four more claims. (Exhibit 17). In all, Davis raised the following twelve grounds for relief, with sub-claims:

(1) trial counsel violated ethical rules by conveying confidential and privileged information to the State;

2

(2)(A) trial counsel was deficient in failing to move in limine to exclude a *Williams* Rule witness;

(2)(B) trial counsel was ineffective for failing to impeach witnesses with prior deposition testimony;

(2)(C) counsel was deficient for failing to move for a continuance to properly prepare a defense;

(3) trial counsel was ineffective for failing to file an appeal;

(4) the conviction was obtained by the State's knowing use of inadmissible testimony of the *Williams* Rule witness to vouch for the credibility of the victim;

(5) the trial court's refusal to instruct the jury on the theory of defense (consent) constituted fundamental error;

(6) trial counsel was ineffective for failing to object to *Williams* Rule evidence;

(7) trial counsel was ineffective for failing to file a motion to exclude DNA evidence;

(8) the evidence was insufficient to support the conviction;

(9) trial counsel was ineffective for failing to have Davis take a polygraph test;

(10) trial counsel was ineffective for failing to poll the jury;

(11) trial counsel was ineffective for failing to ensure the court made proper determinations before accepting *Williams* Rule evidence;

(12) trial counsel was ineffective for failing to impeach the Williams Rule witness with deposition testimony.

On November 6, 2008, the postconviction court issued a non-final order which directed the State to file a response to claim 1 of the motion. (Exhibit 18). In addition, the court struck claims 2(A), 2(B), 2(C), 4, 5, 7, 9, and 12 as facially insufficient, allowing Davis to amend his motion to provide facially sufficient allegations. The court denied claim 3 as procedurally barred, denied claims 6, 10, and 11 as refuted by the record, and denied

claim 8 as conclusory.

On December 29, 2008, Davis filed a petition for writ of habeas corpus in the trial

court. (Exhibit 19). On January 16, 2009, the court rendered an order granting an extension

of time to the State, correcting improper service to Davis, and denying the petition for writ

of habeas corpus. (Exhibit 20). On January 29, 2009, in response to the postconviction

court's non-final order, Davis filed an amended Rule 3.850 motion as to claims 2, 4, 5, 7,

and 12.[1] (Exhibit 21).

On February 17, 2009, the State filed its response to claim 1, arguing that the claim

should be denied without a hearing. (Exhibit 22). Davis filed a motion in opposition to the

State's response. (Exhibit 23). On July 29, 2009, the postconviction court rendered a final

written order, with attachments, denying Davis's motion for postconviction relief. (Exhibit

24). Davis filed a motion for rehearing (Exhibit 25), which was denied by the court on

August 5, 2009. (Exhibit 26).

Davis appealed. (Exhibit 27). He filed a pro se initial brief raising six issues. (Exhibit

28). Because of the summary nature of the proceeding, the State was not required to file

an answer brief and did not do so. (Exhibit 29). On May 12, 2010, in Case No. 2D09-4382,

the appellate court filed a per curiam unwritten opinion affirming the trial court's order

denying postconviction relief. (Exhibit 30). *Davis v. State*, 36 So. 3d 665 (Fla. 2d DCA

2010)(table). Davis filed a motion for rehearing. (Exhibit 30). The appellate court denied

the motion for rehearing on June 8, 2010 (Exhibit 31), and issued the mandate on June 23,

---

[1] Davis expressly stated on page 7, footnote 6 of his amended motion that he was relying solely on his allegations in the original Rule 3.850 motions as to Claim 9, and therefore did not add any facts in support of that claim. (Respondent's Exhibit 21).

4

2010. (Exhibit 32).

## THE PRESENT PETITION

Davis raises the following nine grounds for relief in the present petition:

## GROUND ONE

CUMULATIVELY, WITH THE ALLEGED VICTIM'S PRETRIAL DEPOSITION AND TRIAL TESTIMONY, THE STATE COULD NOT HAVE PROVEN ALL ELEMENTS OF THE CHARGE AND COUNSEL WAS INEFFECTIVE FOR FAILURE TO POINT THIS OUT DURING TRIAL PROCEEDINGS.

## GROUND TWO

DESPITE COUNSEL'S FAILURES AND HIS TIMELY FILED MOTION FOR NEW TRIAL, THE TRIAL COURT NEVERTHELESS ABUSED ITS DISCRETION WHEN IT DENIED THE MOTION WITHOUT OFFERING AN EXPRESSED OPINION AS TO WHY IT DENIED THAT MOTION.

## GROUND THREE

COUNSEL'S PRETRIAL PERFORMANCE AND UNAUTHORIZED COMMUNICATION WITH THE STATE PROSECUTOR BEFORE TRIAL WITH PRIVILEGED INFORMATION CONSTITUTED AN INHERITED [SIC] CONFLICT WITH DAVIS RENDERING THE TRIAL PROCEEDINGS FUNDAMENTALLY UNFAIR.

## GROUND FOUR

COUNSEL'S FAILURE TO MOVE THE TRIAL COURT FOR A CONTINUANCE BECAUSE DEPOSITION OF ALLEGED VICTIM WAS NOT TAKEN UNTIL THE DAY OF TRIAL WAS HIGHLY PREJUDICIAL AND NOT SOUND STRATEGY, RENDERING COUNSEL INEFFECTIVE AND THE TRIAL FUNDAMENTALLY UNFAIR.

## GROUND FIVE

COUNSEL'S FAILURE TO PROPERLY ARGUE AGAINST THE COURT GRANTING INTRODUCTION OF THE STATE'S SHOT-GUN *WILLIAMS* RULE EVIDENCE WHEN THE COURT LACKED ALL RELEVANT MATERIAL EVIDENCE TO BE CONSIDERED AT THE TIME IT MADE ITS DECISION ON THE DAY OF TRIAL RENDERED COUNSEL INEFFECTIVE.

## GROUND SIX

COUNSEL'S FAILURE TO OBJECT TO *WILLIAMS* RULE TESTIMONY, IN THAT IT CUMULATIVELY VOUCHED FOR THE CREDIBILITY OF THE ALLEGED VICTIM RENDERED THE TRIAL FUNDAMENTALLY UNFAIR AND COUNSEL'S INACTION INEFFECTIVE ASSISTANCE OF COUNSEL.

### GROUND SEVEN

COUNSEL'S FAILURE TO OBJECT TO *WILLIAMS* RULE TESTIMONY AS A WHOLE, IN THAT CUMULATIVE TESTIMONY BECAME A FEATURE PRESENTATION, WAS HIGHLY PREJUDICIAL RENDERING THE TRIAL FUNDAMENTALLY UNFAIR AND RENDERING COUNSEL'S PERFORMANCE INEFFECTIVE.

### GROUND EIGHT

COUNSEL'S FAILURE TO IMPEACH THE ALLEGED VICTIM DURING TRIAL WITH HER DEPOSITION TAKEN ON THE DAY OF TRIAL RENDERED COUNSEL INEFFECTIVE.

### GROUND NINE

REPRESENTATIONS OF TRIAL COUNSEL WERE RENDERED INEFFECTIVE BY THE CUMULATIVE EFFECT OF EIGHT ERRORS IN REGARD TO GROUNDS ONE THROUGH EIGHT.

## STANDARDS OF REVIEW

### AEDPA STANDARD

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings

must be highly deferential. Such findings are presumed to be correct unless rebutted by

clear and convincing evidence. Similarly, the state courts' resolutions of issues of

law-including constitutional issues-must be accepted unless they are found to be "contrary

to" clearly established precedent of the Supreme Court of the United States or involve an

"unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000).

Indeed, it is not enough that the federal courts believe that the state court was wrong; it

must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

## INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## GENERAL DISCUSSION

Grounds One, Two, Seven, Eight, and Nine were not presented to the state court in the original or amended Rule 3.850 motions for postconviction relief and are therefore procedurally defaulted. Davis is foreclosed by the state's successive petition doctrine from raising in another Rule 3.850 attack the same allegation of ineffective assistance of trial counsel. *See e.g., Jones v. State*, 591 So. 2d 911, 913 (Fla. 1991) (a defendant may not raise claims of ineffective assistance of counsel on a piecemeal basis by filing successive motions).

Generally, procedural default can arise in two ways: (1) when the state court applies a state procedural rule to bar consideration of the federal claim; or (2) when the petitioner never raised the claim in state court, but it is obvious that the state courts would hold it to be procedurally barred if it were raised now. *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th

Cir. 1999). The federal court must dismiss those claims or portions of claims that either have been explicitly ruled procedurally barred by the highest state court considering the claims, or are not exhausted but would clearly be barred if Davis returned to state court. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). *See also, Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993)(Federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted).

Claims that are unexhausted and procedurally defaulted in state court are not reviewable by this Court unless Davis can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), or by establishing the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). Cause must ordinarily be something external to the defense, *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995), and allegations of cause are subject to default. *See Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000)(ineffective assistance of counsel claim asserted as cause for procedural default of another federal claim could itself be procedurally defaulted). In addition, Davis does not meet the prejudice or fundamental miscarriage of justice exceptions to lift the state procedural bar. He does not suggest the existence of new and reliable evidence of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 321, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Moreover, where Davis is arguing he received ineffective assistance of trial counsel,

those specific allegations must have been exhausted in the state postconviction proceeding. "[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously." *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992). To have exhausted any allegation of ineffective assistance that he may be asserting in his federal petition, Davis must have presented those allegations in the state courts "such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal quotation marks omitted). *Ogle v. Johnson*, 488 F.3d 1364, 1368 (11th Cir. 2007). Davis has not shown valid cause or prejudice to excuse his default. Therefore, Grounds One, Two, Seven, Eight, and Nine of the § 2254 petition will be dismissed as procedurally barred.

## GROUND THREE

Davis contends trial counsel had a conflict with Davis due to counsel's alleged unauthorized pretrial communication with the prosecutor which involved privileged information. This allegation is similar in substance to Claim 3 of Davis's motion for postconviction relief. In his state motion, Davis alleged counsel violated ethical rules regarding confidential and privileged information when counsel conveyed to the State privileged information. Specifically, Davis alleged he informed counsel that the sexual battery victim was intending to leave the country immediately before trial. Davis contended that counsel, after receiving this information, informed prosecutors who then intercepted the victim before she departed on an outbound flight. Davis also averred that counsel fraudulently assured Davis that the victim would not be appearing at trial. Finally, Davis, without explaining how, claimed counsel made arrangements to "cover up" this ethical

9

violation.

Pursuant to court order, the State filed a response to Claim 1 in the Rule 3.850 motion. After reviewing the record and the state's response, the court stated in its final order denying relief:

Claim One

The Defendant alleges that his counsel was ineffective for providing privileged information about the whereabouts of the victim to the State. The Defendant asserts that he told his counsel that the victim was going to be leaving the country the day of trial and his counsel informed the State. The Defendant asserts that his counsel violated the attorney-client privilege and he also alleges that he was prejudiced because there would have been no victim at trial and the charges would have been dismissed.

In its response, the State argued that the Defendant's claim should be denied because his testimony at the prior belated appeal hearing was different than what he states in the motion. At the prior hearing, the Defendant testified that whatever happened regarding the victim was between his attorney and the State. He testified that he could not prove it but that there was something between his attorney and the State for the victim to be brought back for trial. The Defendant also testified that it was defense counsel's strategy to have speedy trial so that the victim would not be present and would be on vacation. Lastly, the State argued that if defense counsel had not taken the alleged actions he would have violated the Rules of Professional Conduct.

This court finds the State's argument persuasive. The Rules of Professional conduct states that an attorney cannot conceal material evidence that is relevant to a proceeding. See R. Regulating Fla. Bar 4-3.3, 4-3.4, 4-1.6(c). Therefore, defense counsel had a duty to inform the State of his knowledge of the victim's whereabouts and that did not violate the attorney-client privilege. Furthermore, at the prior hearing, the Defendant asserted under oath that the victim talked to his attorney and that his attorney was banking on the victim not appearing for trial. See Exhibit A: Hearing Transcript, pgs. 29-30. The Defendant has not shown that his counsel was the one who informed the State that the victim was going out of town or that the State did not already know about the victim's plan. Consequently, this claim is speculative and conclusory and is denied. *See Kennedy v. State*, 547 So. 2d 912 (Fla. 1989).

Respondent's Exhibit 24 at p. 2.

A review of the hearing before the commissioner on Davis's petition for belated appeal supports the postconviction court's findings and conclusions. Davis testified at the hearing that he did not understand why his attorney did not preserve issues for appeal and speculated defense counsel may have been involved in unethical conduct:

> THE DEFENDANT: . . . I think there was something ongoing during the said trial between the State and my attorney, because that the victim had to be brought in from -- she was leaving to go out of town. The victim talked to my attorney. I believe there was something. I can't prove it, but I believe there was something between the State and my attorney for the victim to be brought back to trial.

Respondent's Exhibit 9 at pp. 29-30. The significance of this testimony is that Davis never stated that he himself provided information about the victim's travel plans to his attorney, who then relayed this "confidential and privileged" information to the prosecutor. The postconviction court properly denied this claim, finding Davis's allegations speculative and conclusory[2] in that he failed to show his counsel was the one who informed the State that the victim was going out of town or that the State did not already know about the victim's plan. Davis has not carried his heavy burden to show trial counsel's performance was deficient and that he suffered prejudice under the *Strickland* standard. Therefore, Ground Three does not warrant habeas relief.GROUND FOUR

Davis alleges that trial counsel's failure to move the trial court for a continuance because the deposition of the alleged victim was not taken until the day of trial was highly

---

[2] An application for relief pursuant to 28 U.S.C. § 2254 requires fact pleading. Vague and conclusory claims failing to state facts which would show an entitlement to relief can be dismissed without further effort on the part of the court. *Blackledge v. Allison*, 431 U.S. 63, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977).

prejudicial and not sound strategy, rendering counsel ineffective and the trial fundamentally

unfair.

In Claim 2(C) of his Rule 3.850 motion, Davis alleged that counsel knew he needed

time to prepare and put together a defense against the victim. In his amended motion,

Davis added that counsel was only able to interview the victim the day of trial and Davis

was prejudiced by this. The state court reasonably rejected this claim, stating in its final

order:

> However[,] according to Florida Rule of Criminal Procedure 3.191(g)
> a motion for continuance will not be granted for claims of nonreadiness when
> a motion for speedy trial has been filed. The Defendant filed a notice of
> expiration of speedy trial implying that he would be ready for trial within 5
> days. The Defendant has not shown that counsel was not ready for trial or
> that deposing the victim the day of trial rendered him unprepared. Therefore,
> counsel could not have been ineffective for failing to raise a meritless motion.
> See Teffeteller v. Dugger, 734 So. 2d 1009, 1023 (Fla. 1999).

Respondent's Exhibit 24 at p. 4.

A review of the circuit court docket shows Davis filed a notice of expiration of speedy

trial on May 30, 2007, and the court granted the demand for speedy trial on the same date.

(Exhibit 33: Progress Docket at p. 2). Trial commenced six days later, on June 5, 2007.

The postconviction court reasonably concluded that Davis's allegation of ineffective

assistance of counsel for failing to file a motion for continuance was insufficient to establish

that counsel's performance was deficient or that Davis was prejudiced by counsel's failure

to move for a continuance. Thus, Ground Four does not warrant habeas corpus relief.

## GROUNDS FIVE, SIX, AND SEVEN

Grounds Five, Six, and Seven of the federal petition concern variations of Davis's

argument that trial counsel was ineffective for failing to voice a proper objection to the

12

admission of *Williams* Rule³ (similar fact) testimony. In Claim 6 of the postconviction

motion, Davis raised a similar allegation, which the state court construed as a complaint

that counsel was ineffective for failing to object to the testimony of the *Williams* Rule

witness. The state postconviction court denied the claim on its merits, finding that counsel

filed a motion in limine regarding this very issue, which was denied by the trial court after

extensive argument by defense counsel and the State:

> Defendant claims the State proffered improper *Williams* Rule evidence
> in the form of [the *Williams* Rule witness's] testimony regarding past sexual
> relations with Defendant. Defendant claims her testimony was "inconsistent
> and vague" because she did not know if she had sex with Defendant.
> Defendant claims he and [the *Williams* Rule witness] had consensual sex,
> but at that time, he had never been convicted of a sexual crime. He further
> contends [the *Williams* Rule witness's] testimony was immaterial, constituted
> improper *Williams* Rule evidence, and should have been opposed by a timely
> objection.

> It appears to the Court that Defendant is asserting the State
> improperly introduced *Williams* Rule evidence, and that counsel failed to
> interpose a timely objection. The Court denies this claim because the record
> shows counsel argued, in limine, this very issue. [footnote omitted] The
> Court, after receiving extensive argument from both defense counsel and the
> State, overruled counsel's objection. Counsel, then, fulfilled his duty by timely
> objecting and vigorously arguing the cause.

Respondent's Exhibit 18 at p. 5. Attached to the final order (Exhibit 18) as the court's

Exhibit B is an excerpt of the jury trial transcript pertaining to the argument on the motion

in limine (Vol. I, pgs 7- 42 (June 5, 2007)). Given that defense counsel did attempt to keep

out the *Williams* Rule evidence, the state court's finding that counsel was not ineffective

is objectively reasonable and is entitled to deference under the AEDPA standard. To the

extent Davis has presented additional facts or a different argument to support his claim,

---

³ *Williams v. State*, 110 So. 2d 654 (Fla. 1959).

13

such are procedurally barred. *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992). Grounds five, six, and seven do not warrant habeas corpus relief.

### GROUND NINE

Ground Nine, which is a claim regarding the cumulative effect of trial counsel's alleged errors, is not only procedurally barred because it was not raised in Davis's original or amended motions for postconviction relief, is also without merit. Because Davis has failed to establish that the violations he alleges were indeed errors, they cannot support a cumulative error claim. *See United States v. Murray*, 2005 WL 3046549, *4 (11th Cir. Sept. 27, 2005) (unpublished). *See also, Mullen v. Blackburn*, 808 F.2d 1143, 1147 (5th Cir. 1987)(Petitioner could not obtain habeas relief through aggregation of individual meritless claims he had averred; twenty times zero is zero); *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998)("Cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors."), *cert. denied*, 526 U.S. 1025, 119 S.Ct. 1266, 143 L.Ed.2d 362 (1999). Moreover, the Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief. Ground nine does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Davis's petition is denied. The Clerk is directed to terminate any pending motions, to enter judgment against Davis, and to close this case.

### CERTIFICATE OF APPEALABILITY AND

### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of

14

the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis. Petitioner is assessed the $455.00 appellate filing fee unless the United States Court of Appeals for the Eleventh Circuit grants him permission to appeal in forma pauperis.

ORDERED at Tampa, Florida, on *JANUARY 28th*, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Andrew C. Davis

15